UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M.E. SPEARMAN,<br><br>　　　　　Defendant. | Case No.  2:23-cv-01347-JDP (PC)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

　　Plaintiff, a state prisoner, filed an "emergency [] complaint" that alleges he is being poisoned by CDCR staff and requests for an immediate transfer out of Mule Creek State Prison.[1] Since plaintiff has styled this document as a complaint and he seeks preliminary injunctive relief, I will treat it as a joint complaint and request for an injunction. The complaint does not contain a

---

[1] Plaintiff filed a letter with the court on September 5, 2023 asking to "retrieve law suit" and "retrack my 1983 civil suit." ECF No. 8. I cannot conclude that this filing constitutes a voluntary dismissal under Federal Rule of Civil Procedure 41. If plaintiff wishes to voluntarily dismiss this action, he may do so by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A). Plaintiff should state unequivocally in any such filing his desire to dismiss this action.

cognizable claim; thus, I will dismiss it and give plaintiff an opportunity to amend. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2 and recommend that his motion for a temporary restraining order, ECF No. 1, be denied without prejudice.

## Screening Order

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Discussion

The complaint alleges that CDCR staff are injecting plaintiff with poison that has caused

2

1    him to become sick.  ECF No. 1 at 1-2.  The resulting disease has caused plaintiff to lose a
2    substantial amount of weight, become depressed, and isolate himself.  *Id.*  Additionally, the
3    complaint alleges that "CDCR have turned the whole [inmate] population against" plaintiff.  *Id.* at
4    2.  Plaintiff seeks immediate transfer out of Mule Creek State Prison.

5           The complaint's "poisoning allegations do not state a plausible claim for relief and should
6    be dismissed."  *Ferguson v. Turner*, No. 1:18-cv-00182-AWI-EPG (PC), 2018 WL 3640323, at
7    *7 (E.D. Cal. July 30, 2018).  "Common sense and judicial experience lead[] the Court to
8    conclude that these claims are facially implausible."  *Lamon v. Tilton*, No. 1:07-cv-00493-AWI-
9    DLB (PC), 2009 WL 1884361, at *3 (E.D. Cal. June 30, 2009) (rejecting as facially implausible
10   the plaintiff's claim that prison officials were engaged in an elaborate and seemingly coordinated
11   conspiracy to retaliate against the plaintiff through, among other things, poisoning him); *see Hill*
12   *v. Harris*, No. 1:14-CV-0289-AWI-MJS, 2014 WL 1689659, at *2 (E.D. Cal. Apr. 29, 2014)
13   (dismissing the plaintiff's complaint alleging that CDCR and its employees were poisoning him
14   with poisoned apples and spoiled food as frivolous); *Williams v. Lopez*, No. 2:16-cv-0131-KJM-
15   KJN (P), 2016 WL 921550, at *2 (E.D. Cal. Mar. 11, 2016) ("[The] court has informed plaintiff,
16   on numerous prior occasions, that her allegations about being poisoned are not plausible.").

17          As for plaintiff's request to be transferred, plaintiff does not have a constitutional right to
18   be housed at or transferred to the institution of his choosing.  *See Olim v. Wakinekona*, 461 U.S.
19   238, 244-48 (1983); *Grant v. Samuel*, 2022 WL 18284900, at *3 (C.D. Cal. Dec. 6, 2022)
20   ("Decisions regarding housing placement within state prisons are not the business of federal
21   judges. . . . The prisoner lacks any constitutional right to be housed at a particular institution of
22   his choosing.") (citations and quotations omitted).

23          Plaintiff may file an amended complaint.  He is advised that the amended complaint will
24   supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir.
25   2012) (en banc).  This means that the amended complaint will need to be complete on its face
26   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended
27   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended
28   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

## Motion for Preliminary Injunctive Relief

In finding that the complaint is inadequate to proceed past screening, I necessarily recommend that the motion for preliminary injunctive relief be denied. To obtain such relief, a plaintiff must show, among other factors, a likelihood of success on the merits. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not such showing. *See Wells v. Newsome*, No. 2:20-cv-1557-AC (P), 2020 WL 6118610, at *3 (E.D. Cal. Oct. 16, 2020) (denying the petitioner's motion for emergency relief because the complaint failed to state a claim and because the petitioner's "wide-ranging allegations that CDCR itself and unidentified CDCR officials are attempting to poison him, are actively poisoning him, and are directing other inmates to poison him, are not susceptible to a narrowly drawn order that would correct the alleged harm while this case proceeds on the merits").

Accordingly, it is ORDERED that:

1. The Clerk of Court shall randomly assign a United States District Judge to this case.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he intends to stand by his current complaint.

4. Failure to comply with this order may result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a § 1983 complaint form.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 1, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 10, 2023   

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5